Michael R. Crosner (Bar No. 41299)
mike@crosnerlegal.com
Zachary M. Crosner (Bar No. 272295)
zach@crosnerlegal.com
Blake Jones (Bar No. 211221)
blake@crosnerlegal.com
**CROSNER LEGAL, PC**
433 N. Camden Dr., Ste. 400
Beverly Hills, CA 90210
Tel: (310) 496-5818
Fax: (310) 510-6429

Attorneys for ANTONIO JONES, on behalf of himself
and all current and former aggrieved employees

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTONIO JONES, on behalf of himself and all current and former aggrieved employees, | Case No.: 5:20-cv-04345-NC |
| Plaintiff, | |
| vs. | **THIRD AMENDED CLASS ACTION COMPLAINT** |
| | **JURY TRIAL DEMANDED** |
| SALES EXPERTS, INC., a California corporation, TRACFONE WIRELESS, INC., a Delaware corporation, ZIAD AKILAN an individual, 20/20 COMMUNICATIONS, INC., A Delaware corporation, and DOES 1-50, Inclusive, | |
| Defendants. | |

**COMES NOW** Plaintiff ANTONIO JONES ("Plaintiff") who alleges against TRACFONE WIRELESS, INC., a Delaware corporation, and 20/20 COMMUNICATIONS, INC., a Delaware corporation, and DOES 1-50, Inclusive, (hereinafter to be referred to as "Defendant" or "Defendants") as follows:

## INTRODUCTION

1. Plaintiff brings this action against Defendants as a proposed class action lawsuit on behalf of himself and all others similarly situated workers who have been misclassified as independent contractors by defendants and is seeking unpaid wages, reimbursement of business expenses, and statutory penalties, and also as a representative action under the Private Attorneys General Act of 2004, California Labor Code Sections 2698, *et seq.*, seeking civil penalties for himself, and on behalf of all current and former aggrieved employees that worked for Defendants. Damages, restitution, and statutory and civil penalties are sought for the underlying violations including: (i) failure to provide mandated timely rest and break periods; (ii) failure to pay all wages due and owing, including failure to pay all minimum/overtime wages; (iii) failure to issue accurate itemized wage statements; (iv) failure to pay waiting time penalties; (v) failure to reimburse business expenses, (vi) refused/refuses to make and/or falsely denied the amount of payments due; and (vii) failure to make semi-monthly payments; among other violations of the California Labor Code and IWC Wage Orders. Plaintiff and similarly situated individuals worked for Defendants promoting free cell phones and wireless service plans to low-income individuals who qualified for the plan's requirements.

2. In doing all the various things described in this complaint, Defendants' conduct violated the California Labor Code, including but not necessarily limited to §§ 98.6, 200, 201, 202, 203, 204, 210, 216, 221, 222, 223, 224, 225.5, 226, 226.2, 226.3, 226.6, 226.7, 226.8, 245-248.5, 256, 432.5, 450, 510, 512, 558, 558.1, 1102.5, 1174, 1174.5, 1194, 1197, 1197.1, 1198, 1199, 2699, 2751, 2802, 2810.5 and all applicable Wage Orders as well as interpretations of these laws by California courts and administrative bodies.

/ / /

/ / /

**JURISDICTION AND VENUE**

3. This court possesses original subject matter jurisdiction over this matter. Venue is proper in Santa Clara County because Tracfone Wireless, Inc. a corporation authorized to do business, and does business in Santa Clara County, California, as a reseller of prepaid wireless services.

**THE PARTIES**

4. Plaintiff Antonio Jones is, and at relevant times was, an individual domiciled in the State of California and a citizen of the State of California. Plaintiff was jointly employed as a salesperson by Defendants in or around San Jose, California, at all times relevant to this Complaint.

5. SALES EXPERTS, INC. is a suspended California corporation. The California Franchise Tax Board suspended SALES EXPERT, INC., on October 19, 2016, at which time it was no longer qualified to do business in this State.

6. 20/20 COMMUNICATIONS, INC. ("20/20") is a Delaware corporation that at all relevant times, was authorized to do business within the State of California and is doing business in the State of California and the County of Santa Clara, and/or that Defendants DOES 1 - 50 are, and at all times relevant hereto were persons acting on behalf of TRACFONE WIRELESS, INC. in the establishment of, or ratification of, the aforementioned illegal wage and hour practices or policies.

7. TRACFONE WIRELESS, INC. ("TRACPHONE") is a Delaware corporation that at all relevant times, was authorized to do business within the State of California and is doing business in the State of California and the County of Santa Clara, and/or that Defendants DOES 1 - 50 are, and at all times relevant hereto were persons acting on behalf of TRACFONE WIRELESS, INC. in the establishment of, or ratification of, the aforementioned illegal wage and hour practices or policies.

8. The true names and capacities of the DOE Defendants sued herein as DOES 1 through 50, inclusive, are currently unknown to Plaintiff, who therefore sues each such Defendant by said fictitious names. Each of the Defendants designated herein as a DOE is legally responsible for the unlawful acts alleged herein. Plaintiff will seek leave of Court to amend this Complaint to reflect the true names and capacities of the Doe Defendants when such identities become known.

9.  Plaintiff is informed and believes, and thereupon alleges that at all times herein, Defendants, and each of them, were agents, servants, joint employers, employees, employers, partners, and/or joint venturers of each other Defendant, and were, as such, acting within the scope, course, and authority of said relationship. Each of the acts and/or omissions complained of herein were alleged and made known to, and ratified by, each of the other Defendants. All named Defendants and Doe Defendants are hereinafter collectively referred to as "Defendant" or "Defendants."

10. At all relevant times, Defendants were and are legally responsible for all of the unlawful conduct, policies, practices, acts and omissions complained of herein. Further, Defendants are responsible for each of the unlawful acts or omissions complained of herein under the doctrine of *respondeat superior*. The conduct of Defendants' managers and supervisors was at all relevant times undertaken as employees of Defendants, acting within the scope of their employment or authority in all of the unlawful activities described herein.

11. TRACFONE sells pre-paid wireless phones to customers in California and across the country, including to low-income individuals under a government funded program, called SafeLink Wireless.

12. TRACFONE contracts with 20/20 to provide TRACFONE with salespersons to sell its pre-paid wireless phones. In turn, 20/20 subcontracts with other spin-off shell companies or "fly-by-night" operations, who directly hire the salespersons to work for 20/20 and TRACFONE. Plaintiff is informed and believe that TRACFONE and 20/20 knowingly engage in this arrangement in an effort to avoid having to pay these salespersons in compliance with California law. Instead, these employees are misclassified as independent contractors and paid a flat rate of $16 for each cell phone that they sell, and are not compensated for the hours they work, including overtime. TRACFONE and 20/20 refer to these salespersons as "grass root agents." According to TRACFONE, it has utilized 9,889 "grassroot agents" in California from February 26, 2016 – March 20, 2020, all of whom have been subject to this illegal compensation scheme.

13. Plaintiff is informed and believes that 20/20 contracted with SALES EXPERTS to provide it with these "grass roots" agents, which included Plaintiff. While SALES EXPERTS hired

Plaintiff, TRACFONE and 20/20 were Plaintiff's joint employers and "client employers" as defined by California Labor Code section 2810.3.[1] In particular, SALES EXPERTS provided TRACFONE and 20/20 with labor within their usual course of business, namely the sale of pre-paid wireless devices. In addition, Plaintiff is informed and believes that 20/20 and TRACFONE each exercised sufficient control over Plaintiff and his working conditions to give rise to joint employment, including: (1) exercising control, in part, of decisions to discipline and terminate salespersons who worked under SafeLink program; (2) having the ability to modify the terms and conditions of the SafeLink program, including the amount of the piece rate pay, bonuses and other compensation that Plaintiff and other Salespersons received; (3) providing tracking software used to track sales; (4) requiring Plaintiff to wear a shirt and provide other materials identifying his employment with 20/20 and TRACFONE; (5) issuing guidelines and training materials for making sales calls; and, (6) dictating policies and procedure with which Plaintiff was required to comply.

14. In addition, Plaintiff is informed and believes that TRACFONE and 20/20 were fully aware that SALES EXPERTS was paying salespersons on an illegal piece rate basis in violation of California law and continue to ratify, encourage and conduct this illegal practice. Indeed, even after SALES EXPERTS' license to do business in this State was suspended by the Franchise Tax Board in October 2016, TRACFONE and 20/20 continued to contract with SALES EXPERTS to provide them with salespersons. As early as September 2015, 20/20 was being named in lawsuits, attacking these illegal employment arrangements. (*See Conde v. Open Door Mktg., LLC*, (N.D. Cal. 2017) 223 F. Supp. 3d 949 (finding that 20/20 was a joint employer of salespersons directly hired by its subcontractor, Open Door Marketing.) Nevertheless, Defendants 20/20 and TRACFONE continued to engage in this illegal compensation scheme.

## CLASS ALLEGATIONS

15. Plaintiff brings this action as a class action under Code of Civil Procedure section 382 on behalf of himself and all others similarly situated. The class Plaintiff seeks to represent is

---

[1] On June 11, 2020, Plaintiff sent an amended notice to Defendants regarding his intention to pursue them for liability as client employers pursuant to California Labor Code 2810.3(c). As well on June 11, 2020, Plaintiff filed an amended PAGA notice with the LWDA that the PAGA claims asserted against TRACFONE are also asserted against 20/20 and "relate back" to the initial PAGA notice filed with LWDA on January 29, 2018. Plaintiff noticed 20/20 of these PAGA claims via certified mail delivered June 18, 2020.

defined as follows: All individuals who were misclassified as independent contractors who worked for 20/20 selling pre-paid cellular phones or other products and services for TRACFONE. Plaintiff will fairly and adequately protect the interests of the class members. Plaintiff has no interests

16. <u>Ascertainable Class.</u> There is a well defined community of interest in the litigation and the class is ascertainable. The proposed class is ascertainable as its members can be identified and located using information in Defendants' business, payroll and personnel records.

17. <u>Numerosity</u>. The plaintiff class is so numerous that the individual joinder of all members is impractical under the circumstances of this case. While the exact number of class members is unknown to Plaintiff, Plaintiff is informed and believes based upon Defendants' representations, that the class consists of at least 9,000 individuals.

18. <u>Common Questions of Law and Fact</u>. This lawsuit is suitable for class treatment because common questions of law and fact predominate over individual issues. Common questions include, but are not limited to, the following (1) whether Defendants properly classified the class members as independent contractors under California law; (2) whether Defendants properly calculated and paid all amounts due to the class members for wages earned, including overtime wages, under California law; (3) whether Defendant violated the California Labor Code and/or IWC Wage Orders by withholding wages, including overtime wages, from the class members, (4) whether Defendants provided Plaintiff and the class members with all required meal and rest breaks, or compensation in lieu thereof, under California law; (5) whether Defendants provided the class members with proper, itemized wage statements, (6) whether Defendants timely paid the class members all wages due upon termination of employment, (7) whether Defendants' failure to timely pay all wages due upon termination of employment was willful, and (8) whether Defendants violated California Business and Professions Code sections 17200, <u>et seq.</u>

19. <u>Typicality.</u> Plaintiff's claims are typical of the claims of the class members. Plaintiff suffered a similar injury as the other class members as a result of Defendant's common practices regarding, inter alia, the misclassification of individuals as independent contractors instead of employees, calculation and payment of wages, including overtime wages, failure to provide meal and rest breaks, provision of wage statements, and payment of wages due upon termination. In

addition, Plaintiff will fairly and adequately protect the interests of the class members. Plaintiff has no interests adverse to the interests of the other class members.

20.   <u>Superiority.</u>  A class action is superior to other available means for the fair and efficient adjudication of this controversy since individual joinder of all members of the class is impractical.  Class action treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the unnecessary duplication of effort and expense that numerous individual actions would engender. Furthermore, as the damages suffered by each individual member of the class may be relatively small, the expenses and burden of individual litigation would make it difficult or impossible for individual members of the class to redress the wrongs done to them, while an important public interest will be served by addressing the matter as a class action.  The cost to the court system of adjudication of such individualized litigation would be substantial.  Individualized litigation would also present the potential for inconsistent or contradictory judgments.  Finally, the alternative of filing a claim with the California Labor Commissioner is not superior, given the lack of discovery in such proceedings, the fact that there are fewer available remedies, and the losing party has the right to a trial de novo in the Superior Court.

**FACTUAL BACKGROUND**

21.   During the four-year period preceding filing of this complaint, Plaintiff and each of the class members worked for Defendants in the State of California as "salespersons," or other similar titles, performing sales and sales-related duties regarding the sale of cellular phones, prepaid wireless services, and related products.  At all relevant times, Defendants classified Plaintiff and the class members as independent contractors, rather than employees.  Plaintiff and the class members were paid a flat rate (e.g., $16) for each cell phone they sold via IRS Forms 1099. Defendants 20/20 and TRACFONE were fully aware of, and ratified, this illegal practice.

22.   During his employment, Plaintiff and the class members were not paid minimum wage for the hours that they worked, and were not paid overtime.  Defendants, and each of them, failed to maintain any records showing the hours that they worked. Defendants 20/20 and TRACFONE were fully aware of, and ratified, this illegal practice.

23. During his employment, Plaintiff and the class members were not provided with the opportunity to take meal periods or rest breaks in compliance with California law. Defendants, and each of them, never notified Plaintiff and the rest of the class of their rights to take meal periods and rest breaks, and did not pay them premium pay for missed meal periods or rest breaks. Defendants 20/20 and TRACFONE were fully aware of, and ratified, these illegal practices.

24. During his employment, Plaintiff and the class members were not separately compensated for their rest periods as required for piece-rate employees under California law. Defendants 20/20 and TRACFONE were fully aware of, and ratified, this illegal practice.

25. During Plaintiff's employment, Defendants and each of them, failed to reimburse Plaintiff and the other class members for reasonably necessary business expenses, including for use of their vehicles and cellular phones, used to effectuate sales. Defendants 20/20 and TRACFONE were fully aware of, and ratified, this illegal practice.

26. During Plaintiff's employment, Defendants and each of them, failed to issue Plaintiff and the rest of the class members with accurate wage statements as required by California law. Plaintiff and the class members were issued 1099s, and not provided with a compliant wage statement. Defendants 20/20 and TRACFONE were fully aware of, and ratified, this illegal practice.

27. During Plaintiff's employment, Defendants and each of them, failed to timely pay Plaintiff and the rest of the class members as required by California law all wages that they were owed upon separation of employment. Defendants 20/20 and TRACFONE were fully aware of, and ratified, this illegal practice.

FIRST CAUSE OF ACTION

(Recovery of Unpaid Minimum Wages and Liquidated Damages -

Labor Code §§ 1194 and 1194.2)

28. Plaintiff incorporates by reference the allegations contained in paragraphs 1 through 27.

29. California law provides employees in California must be paid for all hours worked, up to 40 per week or 8 per day, at a regular time rate no less than the mandated minimum wage. As

alleged herein, Plaintiff and the class members regularly worked hours for which they were not compensated by Defendant as required by California law.

30. Pursuant to Labor Code sections 1194 and 1194.2, Plaintiff and the class members are entitled to recover all unpaid minimum time wages and liquidated damages thereon, plus attorneys' fees and costs, in an amount to be proved at trial.

<u>SECOND CAUSE OF ACTION</u>

(Recovery of Unpaid Overtime – Labor Code § 1194)

31. Plaintiff incorporates by reference the allegations contained in paragraphs 1 through 30.

32. California law provides employees in California must be paid overtime, equal to 1.5 times the employee's regular rate of pay, for all hours worked in excess of 40 per week or 8 per day, and must be paid double wages for all hours worked in excess of 12 per day, unless they are exempt. As alleged herein, Plaintiff and the class members, all of whom were non-exempt, regularly worked more than 40 hours per week and/or 8 per day, but were not paid all overtime wages due and owing under California law.

33. Pursuant to Labor Code section 1194, Plaintiff and the class members are entitled to recover all unpaid overtime wages, plus attorneys' fees and costs, in an amount to be proved at trial.

<u>THIRD CAUSE OF ACTION</u>

(Failure to Provide Meal Periods or Compensation in Lieu Thereof --

Labor Code § 226.7)

34. Plaintiff incorporates by reference the allegations contained in paragraphs 1 through 33.

35. Under the Labor Code and IWC Wage Orders, Defendants were required to provide Plaintiff and the class members with one 30-minute meal break free from all duties for all shifts longer than 5 hours, and a second 30-minute meal break free from all duties for all shifts longer than 10 hours. Meal periods can be waived, but only under the following circumstances: (1) if an employee's total work period in a day is over five (5) hours but no more than six (6) hours, the required meal period may be waived by mutual consent of the employer and employee, and (2) if

an employee's total work period in a day is over ten (10) hours but no more than twelve (12) hours, the required second meal period may be waived by mutual consent of the employer and employee, but only if the first meal period was not waived. Employers covered by the Wage Orders have an obligation to both (1) relieve their employees for at least one meal period for shifts over five hours (see above), and (2) to record having done so. If the employer fails to properly record a valid meal period, it is presumed no meal period was provided.

36. As alleged herein, Plaintiff and the class members regularly worked periods of more than five hours in a workday without being provided a mandatory thirty-minute, duty-free meal period, and regularly worked periods of more than ten and/or twelve hours in a workday without being provided a mandatory second thirty-minute, duty-free meal period. Defendants also failed to pay Plaintiff and the class members an additional hour of wages at their regular rate for each workday a meal period was not provided.

37. Defendants failed to provide Plaintiff and the class members with all required meal breaks, or with compensation in lieu thereof. Defendants 20/20 and TRACFONE were fully aware of the fact that Plaintiff and the other class members were not receiving meal periods in compliance with California law, which illegal practice they condoned and ratified. As a result, under Labor Code section 226.7, Plaintiff and the class members are entitled to one additional hour's pay for each day a meal break was missed, all in an amount to be proved at trial.

### FOURTH CAUSE OF ACTION

(Failure to Provide Rest Periods or Compensation in Lieu Thereof --

Labor Code § 226.7)

38. Plaintiff incorporates by reference the allegations contained in paragraphs 1 through 37.

39. California law requires an employer to authorize or permit an employee to take a rest period of ten net minutes for every four hours worked, or major fraction thereof, and such rest periods must be in the middle of the four-hour period insofar as practicable. If the employer fails to provide any required rest periods, or fails to provide a fully compliant rest break for a net 10 minutes wherein the employee is fully relieved of all duties and all employer control, the employer must pay

1  the employee one hour of pay at the employee's regular rate of compensation for each workday the employer did not provide a legally required and/or fully compliant rest period.

40. Defendants failed to provide Plaintiff and the class members all required and/or fully compliant rest periods, or compensation in lieu thereof. Defendants employed policies and procedures that ensured Plaintiff and the class members would not receive all legally required rest periods, as Defendants improperly classified Plaintiff and the class members as independent contractors rather than employees, and did not authorize and permit all required rest periods in strict accordance to, and in compliance with, the timing requirements of all applicable Wage Orders. Defendants similarly employed policies and procedures that rendered rest breaks non-compliant with the requirements of California law by, inter alia, failing to relieve Plaintiff and the class members of all duties and all employer control. Defendants further employed policies and procedures ensuring Plaintiff and the class members did not receive premium wages to compensate them for workdays they did not receive all legally required and fully compliant rest periods.

41. Defendants failed to provide Plaintiff and the class members with all required meal breaks, or with compensation in lieu thereof. In addition, 20/20 and TRACFONE were fully aware of the fact that Plaintiff and the other class members were not receiving rest breaks in compliance with California law, which illegal practice they condoned and ratified. As a result, under Labor Code section 226.7, Plaintiff and the class members are entitled to one additional hour's pay for each day a rest break was missed, all in an amount to be proved at trial.

FIFTH CAUSE OF ACTION

(Failure to Provide Accurate Wage Statements – Labor Code § 226)

42. Plaintiff incorporates by reference the allegations contained in paragraphs 1 through 41.

43. The California Labor Code provides that, at the time of each payment of wages, the employer must provide each employee with an itemized statement showing, inter alia, gross wages earned, total hours worked, all deductions taken, net wages earned, the inclusive dates for which the employee is being paid, the employee's name and last four digits of their social security number,

the name and address of the legal entity that it is the employer, and all applicable hourly rates in effect during the pay period and all hours worked at each rate.

44. Defendant knowingly and intentionally failed to provide Plaintiff and the class members with proper, itemized wage statements. Defendants 20/20 and TRACFONE were fully aware of the fact that Plaintiff and the other class members were not receiving wage statements in compliance with California law, which illegal practice they condoned and ratified. Accordingly, under Labor Code section 226, Plaintiff and the class members each are entitled to penalties in the amount of $50.00 for the initial pay period in which a violation occurred, and $100.00 for each subsequent pay period in which a violation occurred, up to an aggregate penalty of $4,000.00 per employee, plus attorney's fees and costs, all in an amount to be proved at trial.

## SIXTH CAUSE OF ACTION

(Waiting Time Penalties – Labor Code §§ 201, et seq.)

45. Plaintiff incorporates by reference the allegations contained in paragraphs 1 through 44.

46. The California Labor Code provides that, at the time of termination of employment, the employer must pay an employee all wages due and owing within the time frames set forth in Labor Code sections 201, et seq. Defendants willfully failed to pay Plaintiff and the class members who no longer are employed with Defendants all wages due and owing within the deadlines set forth in Labor Code sections 201, et seq.

47. Under Labor Code section 203, Plaintiff and the class members who no longer are employed with Defendants are entitled to recover waiting time penalties of up to 30 days' pay, plus attorney's fees and costs, in an amount to be proved at trial.

## SEVENTH CAUSE OF ACTION

(Failure to Reimburse Expenses – Labor Code § 2802)

48. Plaintiff incorporates by reference the allegations contained in paragraphs 1 through 47.

49. California Labor Code section 2802 provides an employer shall fully reimburse an employee for all reasonable and necessary expenses incurred in the performance of the employee's

job duties. As alleged herein, Plaintiff and the class members regularly incurred expenses including, inter alia, automobile mileage and related expenses, in the performance of their job duties, which expenses were not fully reimbursed by Defendants. Defendants 20/20 and TRACFONE were aware of this illegal practice, which they condoned and ratified.

50. Pursuant to Labor Code section 2802, Plaintiff and the class members are entitled to recover their unreimbursed business expenses, plus attorneys' fees and costs, in an amount to be proved at trial.

EIGHTH CAUSE OF ACTION

(Violation of Unfair Competition Law – Bus. & Prof. Code §§ 17200, et seq.)

51. Plaintiff incorporates by reference the allegations contained in paragraphs 1 through 50.

52. Defendants' failure, inter alia, to pay all wages earned and failure to pay all overtime wages earned, failure to provide all required meal and rest breaks or compensation in lieu thereof, and failure to reimburse reasonable and necessary business expenses, all in violation of the Labor Code and Wage Orders, constitutes an unlawful, unfair or fraudulent business act or practice, in violation of Business & Professions Code sections 17200, et seq.

53. Pursuant to Business & Professions Code section 17203, Plaintiff and the class members are entitled to restitution of all unpaid wages, unreimbursed expenses, and other sums owed, plus attorney's fees and costs, in an amount to be proved at trial.

NINTH CAUSE OF ACTION

(Violation of Private Attorneys General Act of 2004 – Labor Code §§ 2698, et seq.)

54. Plaintiff incorporates by reference the allegations contained in paragraphs 1 through 53.

55. Plaintiff gave timely written notice by certified mail to Defendants of the violations of various provisions of the California Labor Code as alleged in this complaint and filed notice of the violations online with the Labor and Workforce Development Agency ("LWDA").

56. The LWDA did not provide notice of its intention to investigate Defendants' violations after expiration of the 65-day waiting time period, or at any time. Defendants also failed

to cure within the time allotted by PAGA and Labor Code section 2810.3. Consequently, Plaintiff's right to file the instant lawsuit then duly accrued.

57. Plaintiff is an "Aggrieved Employee" under PAGA, as he was employed by Defendants during the applicable statutory limitations period and suffered one or more of the Labor Code violations set forth herein. Accordingly, Plaintiff seeks to recover on behalf of himself and all other current and former Aggrieved Employees, including all individuals who were misclassified as independent contractors and worked for 20/20 selling pre-paid cellular phones or other products and services for TRACFONE, the civil penalties provided by PAGA, plus reasonable attorney's fees and costs.

58. Plaintiff seeks to recover the PAGA civil penalties through a representative action permitted by PAGA and the California Supreme Court in *Arias v. Superior Court*, 46 Cal. 4th 969 (2009). Therefore, class certification of the PAGA claims is not required.

59. Therefore, under the provisions of PAGA and Labor Code §§ 98.6, 200, 201, 202, 203, 204, 210, 216, 221, 222, 223, 224, 225.5, 226, 226.2, 226.3, 226.6, 226.7, 226.8, 245-248.5, 256, 432.5, 450, 510, 512, 558, 558.1, 1102.5, 1174, 1174.5, 1194, 1197, 1197.1, 1198, 1199, 2699, 2751, 2802, 2810.5 and all applicable Wage Orders as well as all interpretations of these laws by California Courts and administrative bodies, as well as any other law that is enforceable through PAGA, Defendants are liable for the following penalties:

(i) All statutorily-specified penalties recoverable under PAGA as enumerated in the relevant California Labor Code provisions listed herein only if permitted by the PAGA statute; and

(ii) Default PAGA penalties for any violation of the enumerated list of Labor Code violations without a civil penalty recoverable under the PAGA, all in the default amounts provided by Labor Code Section 2699(f).

60. The proper measure of penalties under PAGA is the number of violations, whether those violations were committed as against Plaintiff or any Aggrieved Employee, whether a party to this action or not. Further, as a PAGA action, this claim need not be certified as a class action to proceed with a company-wide recovery. *See Arias v. Superior Court*, 46 Cal.4th 969, 970-75 (2009).

61. Pursuant to Labor Code § 2699(g), and/or any and all other applicable laws, Plaintiff is entitled to recover civil penalties, costs, and attorneys' fees.

### **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays for relief and judgment as follows on behalf of himself and all similarly situated and aggrieved individuals:

1. For compensatory damages according to proof;
2. For an order requiring Defendant to make restitution of all amounts wrongfully withheld from Plaintiff and the class;
3. For pre-judgment interest as permitted by law;
4. An award of civil penalties for and on behalf of himself and all similarly situated aggrieved employees pursuant to PAGA;
5. Pre-judgment and post-judgment interest as permitted by law;
6. Attorneys' fees and costs reasonably incurred;
7. Such other and further relief that the Court deems just and proper.

Dated: July 10, 2020

Respectfully submitted,
**CROSNER LEGAL, APC**

By: _____
Michael Crosner, Esq.
Zach Crosner, Esq.
Blake Jones, Esq.
Attorneys for Plaintiff
ANTONIO JONES

## DEMAND FOR JURY TRIAL

PLAINTIFF ANTONIO JONES demands a trial by jury on all claims so triable.

Dated: July 10, 2020                                  CROSNER LEGAL, P.C.


By: _____
    Michael Crosner, Esq.
    Zach Crosner, Esq.
    Blake Jones, Esq.
    Attorneys for Plaintiff
    ANTONIO JONES

PROOF OF SERVICE
*ANTONIO JONES vs. SALES EXPERTS, INC. et al.*
*NORTHERN DISTRICT COURT Case No. 5:20-CV-04345-BLF*

At the time of service, I was over 18 years of age and not a party to this action. I am employed in the County of Los Angeles, State of California. My business address is 433 N. Camden Dr., Ste. 400, Beverly Hills, CA 90210.

On August 18, 2020, I served true copies of the following document(s) described as

**THIRD AMENDED CLASS ACTION COMPLAINT JURY TRIAL DEMANDED** on the interested parties in this action as follows:

SEE ATTACHED SERVICE LIST

☒ By CM/ECF: I hereby certify that on this date, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the email addresses denoted on the Electronic Mail notice list, and I hereby certify that I have mailed the foregoing document or paper via the United States Postal Service to the non-CM/ECF participants (if any) indicated on the Manual Notice list.

☒ BY (Federal) I declare under penalty of perjury under the laws of the State of California and under the laws of the United States of America that the above is true and correct.

Executed on August 18, 2020, at Los Angeles, California.

_/s/ Maria Monterrey_
Maria Monterrey

**PROOF OF SERVICE**

1

| | |
|---|---|
| SERVICE LIST<br>*ANTONIO JONES vs. SALES EXPERTS, INC. et al.*<br>*NORTHERN DISTRICT COURT Case No. 5:20-cv-04345-BLF* | |
| Christopher W. Decker<br>**OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.**<br>400 South Hope Street, Suite 1200<br>Los Angeles, CA 90071<br>Tel: (213) 239-9800<br>Fax: (213) 239-9045<br>christopher.decker@ogletree.com | Attorneys for Defendant<br>TRACFONE WIRELESS, INC. |

**PROOF OF SERVICE**

2