**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN JOSE DIVISION**

| | |
|---|---|
| ANTONIO JONES,<br><br>        Plaintiff,<br><br>   v.<br><br>TRACFONE WIRELESS, INC., et al.,<br><br>        Defendants. | Case No. 20-cv-04345-BLF<br><br>**ORDER GRANTING MOTION TO DISMISS**<br><br>[Re: ECF 28] |

Plaintiff Antonio Jones brings this purported class action complaint against Defendants Tracfone Wireless and 20/20 Communications, Inc., (collectively "Defendants") for misclassifying him as an independent contractor, and Mr. Jones seeks compensation in the form of unpaid wages, unpaid overtime, and uncompensated meal and rest breaks. *See* Third Amend. Compl. ("TAC"), ECF 27. Defendants have filed a motion to dismiss. *See* Mot., ECF 28. Mr. Jones filed a brief in opposition. *See* Opp'n, ECF 33. For the following reasons, this motion is GRANTED.

Defendants argue that all claims should be dismissed because Mr. Jones has failed to adequately plead an employment relationship with either Defendant. Mot. 6-8. The Court agrees. As a threshold issue, Mr. Jones has failed to plead facts establishing what, exactly, he did for either Defendant. There are no facts demonstrating that he was misclassified as an independent contractor. *See Dynamex Operations W. v. Superior Court*, 4 Cal. 5th 903, 964 (Cal. 2018) (adopting ABC test to differentiate between independent contractors and employees). For this reason alone, all of the claims fail. The Court will grant Mr. Jones leave to amend to cure this deficiency in the complaint. Mr. Jones needs to separately plead facts against each Defendant establishing an employment relationship with each Defendant, a relationship between Defendants,

1    and that the conduct underlying the claims is attributable to each Defendant.

2            Defendants also seek dismissal on Mr. Jones's alternate theory of liability of Defendants as
3    "client employers" under California Labor Code Section 2810.3. Mot. 8-11. The Court agrees with
4    Defendants that Mr. Jones failed to provide the requisite 30 days' notice to his alleged client
5    employers as required by Labor Code Section 2801.3. By Mr. Jones's own admission, he provided
6    notice in June 2020, more than three months after he filed his second amended complaint seeking
7    recovery for payment of wages. Opp'n 8. The Court finds the statute to be clear and unambiguous
8    in requiring notice "prior to filing a civil action" premised on "violations covered by" section
9    2810.3. *See Parsittie v. Schneider Logistics, Inc.*, No. CV193981MWFAFMX, 2020 WL
10   2120003, at *12 (C.D. Cal. Apr. 3, 2020) (interpreting section 2801.3 the same way). Since Mr.
11   Jones did not provide 30 days' pre-suit notice, his claims under Section 2810.3 fail, and because
12   no amendment could cure the notice deficiency, allegations under Section 2810.3 are DISMISSED
13   WITH PREJUDICE.

14           As to Mr. Jones's first and second claims for unpaid minimum wage and unpaid overtime,
15   Mr. Jones must plead facts describing his workday and workweek. The current complaint contains
16   no factual allegations establishing that Mr. Jones worked enough hours to qualify for any
17   additional payment. *See Landers v. Quality Communications, Inc.*, 771 F.3d 638, 646 (9th Cir.
18   2014) ("[A]t a minimum the plaintiff must allege at least one workweek when he worked in excess
19   of forty hours and was not paid for the excess in that workweek, or was not paid minimum
20   wages."). The Court agrees with Mr. Jones that *Landers* does not require a plaintiff to identify an
21   exact calendar week or a particular instance of denied minimum wage and that the allegations
22   need only give rise to a plausible inference that there was such an instance. The current complaint,
23   though, does not give rise to such an inference.

24           Mr. Jones's third and fourth claims for failure to provide sufficient rest breaks and meal
25   periods also lack a factual basis, and the Court advises Mr. Jones to plead some facts indicating
26   why he was prevented from taking these breaks. Similar additional factual pleadings are needed to
27   establish Mr. Jones's seventh claim for failure to reimburse expenses. Mr. Jones needs to establish
28   facts as to why he incurred expenses that were necessary to his job. Mr. Jones's fifth claim (failure

to provide accurate wage statements) and sixth claim (waiting time penalties) fail as derivatives of the first four claims.

Mr. Jones's eighth claim for violation of California's Unfair Competition Law fails because he has failed to plead that he lacks an adequate remedy at law. *See Sonner v. Premier Nutrition Corp.*, 971 F.3d 834, 844 (9th Cir. 2020) (holding that a plaintiff must establish that he lacks an adequate remedy at law before securing equitable restitution for past harm under the UCL).

As for Mr. Jones's ninth claim under California's Private Attorneys General Act ("PAGA"), it fails as a derivative claim as well. On amendment, Mr. Jones needs to explain who constitutes an aggrieved employee and establish that he has properly exhausted this claim under Cal. Lab. Code § 2699.3(a)(1)  and that it does not violate the one-year statute of limitations under Cal. Civ. Proc. Code § 340(a).

All of Mr. Jones's claims are dismissed with leave to amend except his allegations under California Labor Code Section 2810.3, which are dismissed without leave to amend. Mr. Jones's amended complaint is due no later than March 5, 2021.

**IT IS SO ORDERED.**

Dated: February 4, 2021

_____
BETH LABSON FREEMAN
United States District Judge